MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
MARY OSORTO, *individually and on behalf*
*of others similarly situated,*

<table>
<tr><td style="text-align:center">*Plaintiff*,</td><td style="text-align:center">**COMPLAINT**</td></tr>
<tr><td style="text-align:center">-against-</td><td style="text-align:center">**COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)**</td></tr>
<tr><td>EL POBLANO MEXICAN REST INC.<br>(D/B/A EL POBLANO BAR & GRILL),<br>PEDRO FIERRO HERNANDEZ, and DIANA<br>BECERRA,</td><td style="text-align:center">**ECF Case**</td></tr>
<tr><td style="text-align:center">*Defendants.*</td><td></td></tr>
</table>

-----------------------------------------------------X

       Plaintiff Mary Osorto ("Plaintiff Osorto" or "Ms. Osorto"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against El Poblano Mexican Rest Inc. (d/b/a El Poblano Bar & Grill), ("Defendant Corporation"), Pedro Fierro Hernandez and  Diana Becerra, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

      1.     Plaintiff Osorto is a former employee of Defendants El Poblano Mexican Rest Inc. (d/b/a El Poblano Bar & Grill), Pedro Fierro Hernandez, and Diana Becerra.

      2.     Defendants own, operate, or control a Mexican Restaurant, located  at 239 Central Ave, White Plains, NY 10606 under the name "El Poblano Bar & Grill".

3.      Upon information and belief, individual Defendants Pedro Fierro Hernandez and Diana Becerra, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Osorto was employed as a waitress at the restaurant located at 239 Central Ave, White Plains, NY 10606.

5.      Plaintiff Osorto was ostensibly employed as a waitress. However,  she was  required to spend a considerable part of her work day performing non-tipped duties, including but not limited to cleaning the bathroom and restaurant, stocking beers in restaurant, taking out the trash, wrapping forks and knives, cleaning cups and stands, preparing regular and alcoholic drinks and packing delivery sauces, chips and utensils  (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Osorto worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

7.      Rather, Defendants failed to pay Plaintiff Osorto appropriately for any hours worked either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Osorto the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Osorto as a waitress in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Osorto at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Osorto's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Osorto's actual duties in payroll records by designating her as a waitress instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Osorto at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Osorto to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Osorto and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Osorto now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Osorto seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Osorto's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican Restaurant located in this district. Further, Plaintiff Osorto was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19.     Plaintiff Mary Osorto ("Plaintiff Osorto" or "Ms. Osorto") is an adult individual residing in Weschester County, New York.

20.     Plaintiff Osorto was employed by Defendants at El Poblano Bar & Grill from approximately October 2014 until on or about November 2015 and from approximately May 2016 until on or about November 12, 2019.

21.     Plaintiff Osorto consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a Mexican Restaurant, located at 239 Central Ave, White Plains, NY 10606 under the name "El Poblano Bar & Grill".

23.    Upon information and belief, El Poblano Mexican Rest Inc. (d/b/a El Poblano Bar & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 239 Central Ave, White Plains, NY 10606.

24.    Defendant Pedro Fierro Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pedro Fierro Hernandez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Pedro Fierro Hernandez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Diana Becerra is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Diana Becerra is sued individually in her capacity as a manager of Defendant Corporation. Defendant Diana Becerra possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Osorto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a Mexican Restaurant located in the White Plains section of Westchester in New York.

27.    Individual Defendants, Pedro Fierro Hernandez and Diana Becerra, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Osorto's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Osorto, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Osorto (and all similarly situated employees) and are Plaintiff Osorto's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Osorto and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendant Pedro Fierro Hernandez operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of his own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Osorto's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Osorto, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Osorto's services.

34.    In each year from 2014 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.    Plaintiff Osorto is a former employee of Defendants who ostensibly was employed as a waitress. However, she spent over 20% of each shift performing the non-tipped duties described above.

37.     Plaintiff Osorto seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mary Osorto*

38.     Plaintiff Osorto was employed by Defendants from approximately October 2014 until on or about November 2015 and from approximately May 2016 until on or about November 12, 2019.

39.     Defendants ostensibly employed Plaintiff Osorto as a waitress.

40.     However, Plaintiff Osorto was also required to spend a significant portion of her work day performing the non-tipped duties described above.

41.     Although Plaintiff Osorto ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

42.     Plaintiff Osorto regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Osorto's work duties required neither discretion nor independent judgment.

44.     Throughout her employment with Defendants, Plaintiff Osorto regularly worked in excess of 40 hours per week.

45.     From approximately October 2014 until on or about November 2015, Plaintiff Osorto worked from approximately 5:00 p.m. until on or about 4:00 a.m., 3 days a week, from approximately 5:00 p.m. until on or about 5:30  a.m., 2 days a week, and from approximately 9:00 a.m. until on or about 7:00 p,m, 1 day a week (typically 68 hours per week).

46.     From approximately May 2016 until on or about May 2019, Plaintiff Osorto worked from approximately 5:00 p.m. until on or about 3:30 a.m., two days a week, from approximately 3:00 p.m. until on or about 11:00 p.m., on Fridays, from approximately 12:00 p.m. until on or about

11:00 p.m., on Saturdays, and from approximately 9:00 a.m. until on or about 8:00 p.m., on Sundays (typically 51 hours per week).

47.    From approximately May 2019 until on or about November 2019, Plaintiff Osorto worked from approximately 5:00 p.m. until on or about 3:00 a.m., Tuesdays and Thursdays, from approximately 3:00 p.m. until on or about 9:00 p.m, on Fridays, from approximately 12:00 p.m. until on or about 8:00 p.m., on Saturdays, and from approximately 8:00 a.m. until on or about 3:00 p.m., on Sundays (typically 41 hours per week).

48.    From approximately October 2014 until on or about 2017, Defendants paid Plaintiff Osorto her wages in cash.

49.    From approximately 2017 until on or about November 2019, Defendants paid Plaintiff Osorto her wages by check.

50.    From approximately October 2014 until on or about June 2017, Defendants paid Plaintiff Osorto $5.00 per hour.

51.    From approximately July 2017 until on or about August 2018, defendants paid Plaintiff Osorto $6.00 per hour.

52.    From approximately September 2018 until on or about November 2019, defendants paid Plaintiff Osorto $7.50 per hour.

53.    Defendants never granted Plaintiff Osorto any breaks or meal periods of any kind.

54.    Plaintiff Osorto was never notified by Defendants that her tips were being included as an offset for wages.

55.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Osorto's wages.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Osorto regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Osorto an accurate statement of wages, as required by NYLL 195(3).

58.     In fact, Defendants adjusted Plaintiff Osorto's paystubs so that they reflected inaccurate wages and hours worked.

59.     Defendants did not give any notice to Plaintiff Osorto, in English and in Spanish (Plaintiff Osorto's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Osorto to purchase "tools of the trade" with her own funds—including several notebooks, pens, black shirts and pants.

*Defendants' General Employment Practices*

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Osorto (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

62.     Plaintiff Osorto was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

63.     Defendants required Plaintiff Osorto and all other waitresses to perform general non-tipped tasks in addition to their primary duties as waitresses.

64.       Plaintiff Osorto and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

65.       Plaintiff Osorto's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

66.       Plaintiff Osorto and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

67.       However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Osorto's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

68.       New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

69.       In violation of federal and state law as codified above, Defendants classified Plaintiff Osorto and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

70.       Defendants failed to inform Plaintiff Osorto who received tips that Defendants intended to take a deduction against Plaintiff Osorto's earned wages for tip income, as required by the NYLL before any deduction may be taken.

71.    Defendants failed to inform Plaintiff Osorto who received tips, that her tips were being credited towards the payment of the minimum wage.

72.    Defendants failed to maintain a record of tips earned by Plaintiff Osorto who worked as a waitress for the tips she received.Defendants' time keeping system did not reflect the actual hours that Plaintiff Osorto worked.

73.    Defendants paid Plaintiff Osorto her wages in cash until 2017.

74.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Osorto (and similarly situated individuals) worked, and to avoid paying Plaintiff Osorto properly for her full hours worked.

76.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Osorto and other similarly situated former workers.

78.    Defendants failed to provide Plaintiff  Osorto and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants failed to provide Plaintiff Osorto and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80.      Plaintiff Osorto brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81.     At all relevant times, Plaintiff Osorto and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

82.    The claims of Plaintiff Osorto stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83.    Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

84.    At all times relevant to this action, Defendants were Plaintiff Osorto's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Osorto (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.    Defendants failed to pay Plaintiff Osorto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.    Defendants' failure to pay Plaintiff Osorto (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.    Plaintiff Osorto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.     Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Osorto (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Osorto (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Osorto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.     Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Osorto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Osorto, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Osorto less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Osorto the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Osorto was damaged in an amount to be determined at trial.

<b><u>FOURTH CAUSE OF ACTION</u></b>

<b>VIOLATION OF THE OVERTIME PROVISIONS</b>

<b>OF THE NEW YORK STATE LABOR LAW</b>

99.      Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

100.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Osorto overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.     Defendants' failure to pay Plaintiff Osorto overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.     Plaintiff Osorto was damaged in an amount to be determined at trial.

<b><u>FIFTH CAUSE OF ACTION</u></b>

<b>VIOLATION OF THE SPREAD OF HOURS WAGE ORDER</b>

<b>OF THE NEW YORK COMMISSIONER OF LABOR</b>

103.      Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants failed to pay Plaintiff Osorto one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Osorto's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

105.     Defendants' failure to pay Plaintiff Osorto an additional hour's pay for each day PlaintiffOsorto's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.    Plaintiff Osorto was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

107.    Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to provide Plaintiff Osorto with a written notice, in English and in Spanish (Plaintiff Osorto's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

109.    Defendants are liable to Plaintiff Osorto in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.    Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

111.    With each payment of wages, Defendants failed to provide Plaintiff Osorto with an accurate statement listing each of the following: the dates of work covered by that payment of wages;

- 17 -

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

112.     Defendants are liable to Plaintiff Osorto in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

113.      Plaintiff Osorto repeats and realleges all paragraphs above as though fully set forth herein.

114.      Defendants required Plaintiff Osorto to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.     Plaintiff Osorto was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Osorto respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Osorto and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Osorto and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Osorto and the FLSA Class members;

(e)     Awarding Plaintiff Osorto and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Osorto and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Osorto;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Osorto;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Osorto;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with

- 19 -

respect to Plaintiff Osorto's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Osorto;

(l)     Awarding Plaintiff Osorto damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Osorto damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Osorto liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Osorto and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Osorto and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Osorto demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

April 23, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 20, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Mary Osorto

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

· Signature / Firma:

Date / Fecha:                    20 de noviembre 2019

*Certified as a minority-owned business in the State of New York*